IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THREE TWENTY-ONE CAPITAL PARTNERS, LLC.,<br>2205 Warwick Way #310<br>Marriottsville, MD 21104<br>Howard County<br>          Plaintiff,<br><br>    v.<br><br>CAPITALPLUS FINANCIAL SERVICES, LLC.,<br>2510 Solway Road<br>Knoxville, TN 37931<br>          Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, Three Twenty-One Capital Partners, LLC ("3-21 Capital"), sues Defendant, CapitalPlus Financial Services, LLC., ("CapitalPlus"), and states as follows:

**PARTIES**

1. 3-21 Capital is a Maryland limited liability company, with its principal place of business in Maryland.

2. 3-21 Capital has one member, Erwin M. Terwilliger. Mr. Terwilliger is a resident of the State of Maryland.

3. 3-21 Capital is a private investment bank and advisory firm providing sell-side merger and acquisition support, advisory, debt and equity sourcing, and situational consulting to middle-market firms.

4. Upon information and belief, based on 3-21 Capital's understanding from its communications with CapitalPlus, CapitalPlus is a Tennessee limited liability company, with its principal place of business located in Knoxville, Tennessee.

1

5. Upon information and belief, based on 3-21 Capital's understanding from its communications with CapitalPlus, CapitalPlus has one member, Scott W. Applegate, who resides in the State of Tennessee.

6. CapitalPlus provides construction material financing, working capital, invoice and inventory factoring, as well as back-office support for construction firms and projects throughout the United States, including projects in Maryland.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter based on diversity, pursuant to 28 U.S.C. § 1332(a)(1).

8. The amount in controversy between the parties exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over the CapitalPlus pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b), as CapitalPlus transacts business in, and engages in purposeful activity within, the State of Maryland.

10. CapitalPlus has loaned money to at least eight separate businesses located in the State of Maryland.

11. This Court also has personal jurisdiction over CapitalPlus as CapitalPlus has availed itself of, and has conducted business in, the State of Maryland by entering into the contract at issue in this case with 3-21 Capital and engaging 3-21 Capital to perform services in the State of Maryland.

12. 3-21 Capital's cause of action arises from CapitalPlus' contacts with the State of Maryland.

13. The exercise of personal jurisdiction is reasonable and consistent with the notions of fair play and substantial justice as CapitalPlus has engaged in conduct impacting, and has availed itself of, the State of Maryland and the stream of commerce.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

**The Contract**

15. CapitalPlus provides inventory and invoice factoring throughout the United States, including in the State of Maryland.

16. 3-21 Capital helps businesses locate investors and obtain financing.

17. CapitalPlus needed financing to operate and recapitalize its business.

18. Due to 3-21 Capital's expertise, CapitalPlus entered into a contract with 3-21 Capital on April 4, 2023, to assist CapitalPlus in locating financing (the "Contract").

19. Paragraph 2 of the Contract provided that 3-21 Capital would serve as CapitalPlus' "exclusive agent" to find a lender.

20. Paragraph 4(a) of the Contract required CapitalPlus to direct all communications and inquiries regarding a potential loan or term sheet to 3-21 Capital.

21. Paragraph 6 of the Contract required CapitalPlus to pay 3-21 Capital a $30,000 retainer, with half ($15,000) due at the signing of the agreement and the other half ($15,000) due when CapitalPlus "receives an indication of interest, indication of terms, expression of interest, letter of intent or term sheet from a third-party expressing interest in a Transaction with . . ." CapitalPlus.

22. CapitalPlus paid the initial $15,000 to 3-21 Capital but has not paid the remaining $15,000, despite receiving an invoice from 3-21 Capital.

23. In addition to the retainer, 3-21 Capital was entitled to receive additional compensation under certain circumstances.

24. Paragraph 8 of the Contract provided that 3-21 Capital would receive at closing of any loan a transaction a fee equal to 1.25% of the amount of money borrowed, with a minimum fee of $250,000 (the "Transaction Fee").

25. Paragraph 8 also provided that if CapitalPlus decided not to move forward with any term sheet, CapitalPlus was required to pay 3-21 Capital a Breakup Fee of $150,000.

26. Because of its exclusivity, 3-21 Capital was entitled to receive its Transaction Fee, even if CapitalPlus located a lender that was not initially identified by 3-21 Capital.

**CapitalPlus' Breach of the Contract**

27. On April 4, 2023, 3-21 Capital began its work under the Contract.

28. Thereafter, 3-21 Capital learned that CapitalPlus received a term sheet for a loan from a company named McLean (the "McLean Term Sheet").

29. 3-21 Capital requested a copy of the McLean Term Sheet from McLean; however, McLean refused, explaining that a nondisclosure agreement prevented them from providing a copy to 3-21 Capital.

30. 3-21 Capital then requested a copy of the McLean Term Sheet from CapitalPlus. However, CapitalPlus also refused to provide a copy of the McLean Term Sheet.

31. Soon afterward, 3-21 Capital secured a term sheet from another lender and submitted it to CapitalPlus.

32. Based on an industry publication, on information and belief, CapitalPlus closed the loan with McLean.

33. 3-21 Capital repeatedly requested additional information from CapitalPlus about the McLean Term Sheet and loan, but CapitalPlus has refused to provide it.

34. 3-21 Capital notified CapitalPlus that 3-21 Capital was entitled to its Transaction Fee based on the value of the McLean loan and/or a Breakup Fee based on the term sheet obtained by 3-21 Capital.

35. Despite receiving this notice, CapitalPlus has failed to pay either.

36. CapitalPlus has also failed to pay the second half of the retainer required under the Contract, despite receiving a request for payment from 3-21 Capital.

## **BREACH OF CONTRACT**

37. 3-21 Capital restates paragraphs 1 through 36 as if fully set forth herein.

38. CapitalPlus has breached the Contract as follows:

    a. CapitalPlus failed to pay 3-21 Capital the $15,000 second retainer payment;

    b. CapitalPlus failed to direct all communications and inquiries regarding the McLean transaction to 3-21 Capital;

    c. CapitalPlus failed to pay 3-21 Capital the Transaction Fee owed for the McLean loan; and

    d. 3-21 Capital failed to pay 3-21 Capital the $150,000 Breakup Fee that 3-21 Capital is entitled to for obtaining a term sheet for a loan.

39. As a result of CapitalPlus' breaches, 3-21 Capital suffered damages.

WHEREFORE, Plaintiff, Three Twenty-One Capital Partners, LLC., demands judgment against Defendant, CapitalPlus Financial Services, LLC., for damages, interest, its costs, and such other and further relief this Court deems just, equitable, and proper.

Dated: September 14, 2023

Respectfully submitted,

 /s/ *Scott H. Marder*
Scott H. Marder (Fed. Bar No. 28789)
shmarder@tandllaw.com
Justin T. Liberatore (Fed. Bar No. 30277)
jliberatore@tandllaw.com
THOMAS & LIBOWITZ, P.A.
25 S. Charles Street, Suite 2015
Baltimore, Maryland 21201
Tel: 410-752-2468
Fax: 410-752-0979

*Attorneys for Plaintiff*